

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Swain Burkett
County Attorney
Castro County
Dimmitt, Texas

Dear Sir:                    Opinion Number O-2891

                    Re:  Sale of county
                         road bonds

        Your recent request for an opinion of this depart-
ment, on the question herein stated, has been received.  We
quote from your letter as follows:

        "On or about the 25th day of October 1940 the
    Commissioners' Court of this county passed the
    following order (see verbatim copy attached here-
    to).  You will note that it contains the follow-
    ing clause 'You will deliver the bonds to us at
    par and accrued interest to the date of delivery
    to us . . . . 1.  Said bonds are to bear interest
    at the rate of 3½ per cent per annum'.  The above
    was then entered as a contract, and as stated, a
    copy is attached.

        "The Commissioners' Court of this county and I
    desire an opinion on this point:  Does this amount
    to a sale of the bonds if voted and not taken by
    the State under its option or should the county
    advertise the bonds and sell same to the highest
    bidder?

        "It is my opinion that the bonds should still
    be advertised and sold to the highest bidder.
    Article 752j provides that they must be sold to
    the highest and best bidder for cash . . ."

Express statutory authority to issue bonds implies the power to issue them in the ordinary and usual manner, and the county may, by virtue thereof, sell the bonds and use the proceeds for the purposes intended. Where the statute prescribes the method of sale, such method is the only method which can be followed.   34 Texas Jurisprudence, 671; City of Lubbock vs. Geo. L. Simpson & Company, 31 S.W.(2) 163; Gibson vs. Davis, 236 S.W. 202.

The method for the sale of county road bonds is provided for in Article 752j of the Revised Civil Statutes of Texas, which reads as follows:

"After approval and registration as provided by law relative to other bonds, such bonds shall continue in the custody and control of the Commissioners' Court of the county in which they were issued, and shall be by said court sold to the highest and best bidder for cash, either in whole or in parcels, at not less than their par value, and the purchase money therefor shall be placed in the county treasury of such county to the credit of the available road fund of such county, or of such political subdivision or road district of such county, as the case may be."

The contract submitted with your request seems to meet the statutory requirement that the bonds will be sold at not less than their par value. However, we are unable to determine from the facts submitted whether or not the Commissioners' Court complied with the other statutory requirement that the bonds shall be sold to the highest and best bidder for cash.

It appears from your brief that the principal question you are interested in is whether or not said bonds should be advertised for sale. The statutes of this State provide that certain bonds must be advertised for sale, such as road district bonds, where said district is located in two or more counties (Article 778k, Revised Civil Statutes), but we find no such provision for the sale of county road bonds. Therefore, it is our opinion that county road bonds do not have

to be advertised for sale. The only statutory requirement for the sale of said bonds is that they must be sold to the highest and best bidder for cash at not less than their par value.

Trusting that this answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS


By      /s/ Claud O. Boothman
        Claud O. Boothman
                  Assistant

COB-s:mjs

APPROVED JAN 10, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY /s/ BWB CHAIRMAN